IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

PAUL CRAWFORD                                          PLAINTIFF

VERSUS                                        CAUSE NO.: CI2019-028 GCD

DESOTO COUNTY SHERIFF'S DEPARTMENT, STATE OF
MISSISSIPPI, JOHN DOE I, AND JOHN DOE II,
DESOTO COUNTY BOARD OF SUPERVISORS         DEFENDANTS

## COMPLAINT FOR DAMAGES

**COMES NOW, Paul Crawford,** Plaintiff in the above-styled and numbered cause and files this his Complaint for Damages, and he would respectfully show unto this Honorable Court, the following, to-wit:

## JURISDICTION AND VENUE

1. This action arises the Fourth and Fourteenth Amendment to the Constitution for the United States of America and of the Constitution of Mississippi. Jurisdiction is conferred upon the Court under **28 U.S.C Section 1331 and 42 U.S.C. Section 1983.** Jurisdiction over the state pendant claims is conferred upon the Court under **28 U.S.C. Section 1337.**

2. Venue is proper in this County and State as the Defendants are believed to reside within this County and State, and all acts alleged occurred within this County, and State.

## PARTIES

3. Defendant John Doe I is an unknown man believed to be a resident of the State of Mississippi, and is further believed to be an employee or a Sheriff's deputy of the Desoto County Sheriff's Department. He is being sued individually, and in his official capacity.

4. Defendant John Doe II is an unknown man believed to be a resident citizen of the State of Mississippi, and Plaintiff further believed to be an employee or Sheriff's deputy of the Desoto County Sheriff's Department. Defendant John Doe I is being sued individually, and in his official

-1-

capacity.

5. Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, servant, co-venturer, and/or employee of the Desoto County Sheriff's Department, State of Mississippi, and was at all times herein mentioned acting within the scope of said employment, venture, and/or employment, and with actual or ostensible authority and/or agency and that each of the Defendants ratified the actions an/or conduct of the others. Defendant, Desoto County Sheriff's Department, is a agency of the State of Mississippi duly existing by reason of and pursuant to the laws of the State of Mississippi.

## GENERAL STATEMENT

6. On or about March 14, 2018 at approximately 8:00 o'clock P.M., Plaintiff traveled to a car wash on Nail Road, located in Desoto County, State of Mississippi for the purpose of washing and cleaning his truck.

7. And as Plaintiff pulled into the car wash, Defendants John Doe I, and John Doe II, employees of the Desoto County Sheriff's Department, State of Mississippi "rushed" his automobile.

8. Defendant John Doe I hurriedly approached Plaintiff's vehicle from the front, while Defendant John Doe II hurriedly approached Plaintiff's vehicle from the rear of said vehicle.

9. Defendant John Doe I who approached Plaintiff's vehicle from the front got out of his patrol car yelling and screaming at Plaintiff as though Plaintiff had committed a crime—which was not the case.

10. When approached by Defendants John Doe I, and John Doe II, Plaintiff asked both officers "what was the problem". Defendants John Doe I, and John Doe II failed to respond to Plaintiff's questions.

11. After not responding to Plaintiff's inquiries, Defendant John Doe I demanded that Plaintiff

exit his vehicle, and that Plaintiff show him Plaintiff's identification.

12. Once exiting the vehicle, and producing his identification, Defendant John Doe I directed Plaintiff to rear of Plaintiff's vehicle.

13. At the rear of Plaintiff's vehicle, Defendants John Doe I and John Doe II patted Plaintiff down and placed Plaintiff in handcuffs. And prior to placing Plaintiffs in handcuffs, Defendants had not informed Plaintiff of the reason or reasons for the stop, seizure, and arrest of Plaintiff.

14. Thereafter, Plaintiff while handcuffed was placed in the back seat of Defendants' patrol car.

15. While being placed in the back seat of the patrol car, Plaintiff felt his back pop, and begin experiencing excruciating pain in his back, hands, and feet.

16. And while sitting in the back seat of the patrol car, Defendants'--without a search warrant, and without obtaining Plaintiff's consent—searched Plaintiff's vehicle. Plaintiff had not committed a crime in the officer's present, nor was Plaintiff wanted for the commission of a misdemeanor or a felony. Plaintiff did not have an active warrant for his arrest for any violation of the law.

17. Defendants found Plaintiffs gun in his vehicle which had been lawfully acquired by Plaintiff.

18. And after locating Plaintiff's gun in his vehicle, and not locating any contraband, Defendants removed Plaintiff from the back of their patrol car; removed the handcuffs; and told him that he could leave.

19. Once exiting the vehicle, and while walking back to Plaintiff's vehicle, Plaintiff couldn't feel his feet; his hands were completely numb for Defendants had placed the handcuffs too tight on his wrists which cut off circulation to his hands. Further, Plaintiff experience severe pain in his lower back.

20. During Plaintiff's detention, Plaintiff became fearful, and apprehensive for Plaintiff did not

have any idea of why he was being targeted, and what Defendants would do to him.

21. Thereafter, Plaintiff had to undergo back surgery brought on by Defendants misconduct.

## VIOLATION OF RIGHTS

22. The Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through Paragraph 21 of this Complaint for Damages as if fully set forth herein.

23. As is more fully described Plaintiff was detained, arrested, searched, and restrained of his liberty without reasonable suspicion or probable cause and without due process of law, and the Plaintiff's automobile was searched without Plaintiff's consent and without a search warrant, all in violation of the **Fourth, Fifth, and Fourteenth Amendments to the Constitution for the United States of America, and in violation of Mississippi Constitution, Article 3, Section 23. Searches and seizures.**

## SECOND CAUSE OF ACTION
## FALSE ARREST

24. The Plaintiff incorporates by reference the allegations contained in Paragraph 1 through Paragraph 23 of this Complaint for Damages as if fully set forth herein.

25. As is more fully described the Plaintiff was falsely detained, arrested, and restrained of his liberty by Defendants John Doe I, and John Doe II who knew full well at the time that they did not have probable cause or reasonable suspicion to arrest the Plaintiff for any offense.

## THIRD CAUSE OF ACTION
## FALSE IMPRISONMENT

26. The Plaintiff incorporates by reference the allegations contained in Paragraph 1 through Paragraph 25 of this Complaint for Damages as if fully set forth herein.

27. As is more fully stated and described Defendants wrongfully, and intentionally deprived and restrained Plaintiff of his freedom by detaining him; handcuffing him; and placing Plaintiff in the

back seat of their patrol car. Plaintiff was essentially confined and could not leave Defendants' vehicle.

## FOURTH CAUSE OF ACTION
## ROBBERY

27. The Plaintiff incorporates by reference the allegations contained in Paragraph 1 through Paragraph 26 of this his Complaint for Damages as if fully set forth herein.

28. Defendants John Doe I, and John Doe II took Plaintiff's personal property—to-wit, his gun. Said gun was unlawfully and intentionally removed from Plaintiff's vehicle and not returned to Plaintiff.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. The Plaintiff incorporates by reference the allegations contained in Paragraph 1 through Paragraph 28 of this Complaint for Damages as if fully set forth herein.

30. Defendants by there actions in detaining Plaintiff; placing him in handcuffs; and placing him in the back seat of their patrol car intentional cause Plaintiff emotional distress and mental suffering. By the conduct alleged above, which is prohibited under both the Federal and Mississippi Constitution, Defendants, and each of them, acted outrageously, with the intention to cause, or with reckless disregard of the probability of causing Plaintiff severe emotional distress. This conduct, which was unprivileged and unwanted by Plaintiff, actually and proximately cause Plaintiff severe emotional distress.

31. Defendants, and each of them, harmed Plaintiff because those actions caused him to suffer humiliation, embarrassment, mental anguish, and emotional distress. The actions of Defendants, and each of them, injured Plaintiff's mind and body. As a result of such unlawful conduct and consequent harm, Plaintiff suffered damages that will be proven at trial.

## JURY TRIAL DEMANDED

32. Plaintiff hereby demands trial by jury on all claims and issues so triable.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court:

1. Proceed with a trial by jury upon issues so triable; and

2. Award the Plaintiff's damages of no less than $300,000.00; and

3. Award the Plaintiff's costs and fees incurred for the prosecution of this action;

4. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

BY: _____
AZKI SHAH
COUNSEL FOR PLAINTIFF


AZKI SHAH
ATTORNEY AT LAW
318 DELTA AVENUE
CLARKSDALE, MS 38614
662-661-9996
FAX: 662-621-9997
EMAIL: atty.azki.shah@gmail.com
MISSISSIPPI BAR #6721