**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CARL CRAWFORD**                                                                                **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO.: 3:19CV013-MPM-RP**

**DESOTO COUNTY SHERIFF'S DEPARTMENT,
STATE OF MISSISSIPPI, EX REL., MISSISSIPPI,
BRIAN FALATKO, ROBERT FORBERT, DESOTO
COUNTY BOARD OF SUPERVISORS**                              **DEFENDANTS**

## **ORDER**

This cause comes before the court on plaintiff's motion to set aside this court's order granting defendants' motions for summary judgment, pursuant to Fed. R. Civ. P. 60. In his motion, plaintiff offers no explanation for his failure to submit a brief in opposition to the motion for summary judgment, nor does he assert any error in this court's finding that he lacked good cause for neglecting to file such a response. Plaintiff likewise offers no discussion of the relevant Rule 60 standard, which provides that:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

Instead of addressing these Rule 60 factors, plaintiff has chosen to file a rather short brief in opposition to summary judgment, setting forth the sort of arguments which he should have made originally in this case. This is clearly improper. A motion for relief under Rule 60(b) is subject to the discretion of the court, and "[c]ourts are disinclined to disturb judgments under the aegis of Rule 60(b)." *Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir.1993), *Hand v. U.S.,* 441 F.2d 529 (5th Cir. 1971). Rule 60(b) relief is "extraordinary ... and the requirements of the rule must be strictly met." *Longden v. Sunderman,* 975 F.2d 1095, 1102 (5th Cir. 1992).

It would be improper for this court to modify its earlier order under Rule 60 when plaintiff does not offer a single argument that the requirements of Rule 60 are met, and it is immaterial whether his arguments might have been successful if timely made. A properly functioning federal judiciary requires that parties timely respond to motions, and, as discussed in this court's prior order, it does not appear that counsel for plaintiff even bothered to timely *read* defendants' motion in this case, much less respond to it. If this court were to consider the merits of plaintiff's brief at this late date, then it would essentially make a mockery of the deadlines set forth in the Local Rules. This case presents one of the most egregious examples of a failure to comply with these deadlines which it can recall, and plaintiff offers no explanation why it should exercise its discretion to set aside its prior judgment under Rule 60.

Plaintiff does argue that, as to his state law claims, he submitted a Notice of Claim under the Mississippi Tort Claims Act in this case, and that defendants erred in arguing otherwise. Needless to say, this is exactly the sort of argument which plaintiff should have set forth in a responsive brief, and he offers no explanation for his prior failure to do so. Even if this court were to make Rule 60 arguments on plaintiff's behalf and find extraordinary circumstances in this regard, then it would not alter the fact that defendants also argued in their brief that

plaintiff's state law claims were *substantively* without merit, and this court found these arguments persuasive in its order dismissing the case.[1] [Defendants' brief at 14-15, slip op. at 10]. In his brief, plaintiff appears to assume that the Notice of Claim issue is the only defense raised by defendants to his state law claims,[2] but that is plainly not the case. Plaintiff's Notice of Claim arguments thus provide insufficient basis for reviving his state law claims, and, as to his federal claims, he cites no extraordinary circumstances which would even arguably implicate the provisions of Rule 60. Plaintiff's motion to set aside the judgment will therefore be denied.

It is therefore ordered that plaintiff's motion to set aside its prior dismissal of this case is denied.

This, the 16th day of January, 2020.

/s/ Michael P. Mills
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

---

[1] This court notes that Mississippi state law makes it quite difficult for plaintiffs to recover against police officers, and it does not regard the facts of this case as being sufficiently extreme, even under plaintiff's version of events, to establish liability in this context.

[2] That is, plaintiff writes in his brief that:
> So clearly, and contrary to Defendants' assertions that Plaintiff failed to afford them Notice of Claim in accordance with Mississippi's Tort Claims Act is incorrect on its face and a misstatement of the events in question prior to the institution of said lawsuit. And as such, those State law claims are still viable and this Court should consider said claims in any decision in this cause.

[Brief at 2].